IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HABEY HUSSEIN**                                                **PETITIONER**

**V.**                                         **Civil No. 5:21-cv-00001-KS-RHWR**

**SHAWN R. GILLIS**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED AS MOOT

BEFORE THE COURT is the *pro se* Petition [1] of Habey Hussein for Writ of Habeas Corpus under 28 U.S.C. § 2241. Respondent Shawn R. Gillis, Warden of Adams County Correctional Center, in his official capacity only, has filed a Motion to Dismiss [9] the Petition as moot. Respondent's Motion to Dismiss should be granted.

## I. BACKGROUND

Petitioner, a native of Kenya and citizen of Somalia who entered the United States without authorization, filed his Petition for Writ of Habeas Corpus while in the custody of Immigration and Customs Enforcement (ICE) at Adams County Detention Center in Natchez, Mississippi. [9] at 1. Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner argued that his continued detention was in violation of his constitutional rights. *Id.* at 4.

In their Motion to Dismiss [9], Respondent provided the Declaration of Robert Hagan, Acting Assistant Field Office Director, Department of Homeland Security, U.S. Immigration and Customs Enforcement. [9-1] Hagan's Declaration provides that Petitioner was released from Adams County Detention Center and ICE's custody on

April 23, 2021, on an order of supervision. *Id.* Respondent asserts that Petitioner has received the relief he requests, and because he is no longer in Respondent's custody, the issues raised in the Petition are moot, and the Petition should be dismissed with prejudice. [9] at 2.

## II. ANALYSIS

An individual may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody" under federal authority "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Here, Petitioner alleged he was detained more than six months and sought immediate release from custody. Respondent's evidence shows that Petitioner has now been released from custody on an order of supervision, which is the relief he requested. The Petition does not identify any adverse collateral consequences that continue to restrict Petitioner's liberty, and it does not challenge any conditions of release. Because Petitioner has now received all relief that he sought, his claim is

moot and should be dismissed. Although the United States Court of Appeals for the Fifth Circuit has not specifically considered whether a *Zadvydas* challenge to continued detention by an alien under a final order of removal is mooted by the alien's subsequent release on supervision, other circuits have so found. *See Dalouche v. Johnson*, No. 3:20-CV-2914-N-BH, 2021 WL 2188760, at \*2 (N.D. Tex. Apr. 20, 2021), report and recommendation adopted, No. 3:20-CV-2914-N-BH, 2021 WL 2187231 (N.D. Tex. May 28, 2021) (collecting cases from the Third, Fourth, and Tenth Circuits and five district courts within the Fifth Circuit).

## III. <u>RECOMMENDATION</u>

It is recommended that Respondent's Motion to Dismiss [9] be granted and the 28 U.S.C. § 2241 Petition dismissed with prejudice as moot.

## IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk of Court any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written

objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 19th day of October, 2021.

*s/ Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE